**BRUCE J. GITLIN, ESQ.**
**NEW YORK CENTER FOR LAW AND JUSTICE**
**2095 BROADWAY, SUITE 308**
**NEW YORK, NY 10023**
**(212) 757-2800**
**ATTORNEY FOR THE PLAINTIFF**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| **MARTHA EVANS,** | |
| Plaintiff, | |
| v. | CIVIL ACTION No._____ |
| **FRESENIUS MEDICAL CARE HOLDINGS, INC. DOING BUSINESS AS FRESENIUS MEDICAL CARE OF NORTH AMERICA, INC.,** | **COMPLAINT AND JURY DEMAND** |
| Defendant. | |

---

Plaintiff Martha Evans, by her attorney, Bruce J. Gitlin, pleads and alleges as follows:

### PRELIMINARY STATEMENT

This action arises from the failure of **FRESENIUS MEDICAL CARE HOLDINGS, INC. DOING BUSINESS AS FRESENIUS MEDICAL CARE OF NORTH AMERICA, INC.** ("Defendant" or "Fresenius") to provide effective communication between Defendants' medical office, known as Fresenius Kidney Care Montefiore Dialysis Center IV located at 1776 Eastchester Road, Bronx, NY10462, and Plaintiff Martha Evans, who is deaf and relies on American Sign Language ("ASL") to communicate with others.

1

1. Plaintiff was denied equal access to benefits, services, and effective communication with Defendant's staff because of Defendant's failure to provide him with qualified sign language interpreter services or auxiliary aids.

2. Defendant denied Plaintiff the opportunity to participate in, question, or understand discussions and decisions concerning her healthcare. This denial of effective communication to Plaintiff constitutes discrimination on the part of Defendant in violation of Title III of the Americans with Disabilities Act of 1990 (the "ADA"), Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), the New York City Human Rights Law, and the New York State Human Rights Law.

3. As a result of Defendant's failure to abide by the law and provide qualified sign language interpreters or auxiliary aids, Plaintiff suffered extreme emotional distress.

4. Defendant's failure to provide access to effective communication to Plaintiff violates Title III of the ADA, Section 504 of the Rehabilitation Act, the New York City Human Rights Law, and New York State Human Rights Law.

5. Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and attorneys' fees.

## PARTIES

6. At all times hereinafter mentioned, Plaintiff Martha Evans resides in Bronx County, and the City and State of New York. As she is deaf and communicates in American Sign Language, she is a qualified individual under the applicable discrimination laws.

7. At all times herein mentioned, Defendant **FRESENIUS MEDICAL CARE HOLDINGS, INC. DOING BUSINESS AS FRESENIUS MEDICAL CARE OF NORTH AMERICA, INC.** was and still is a domestic corporation, duly organized and existing under and

by virtue of the laws of the State of New York, and was doing business in the State of New York. Defendant represents a public accommodation and thus is subject to the applicable discrimination laws.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action pursuant to §§ 504 and 505 of the Rehabilitation Act and the ADA, inasmuch as federal questions are at issue, and also has pendent jurisdiction over this matter based on the non-federal claims.

9. This Court has personal jurisdiction over Defendant because Defendant resides in this district.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant resides in this district and because acts and omissions of Defendant giving rise to this action occurred in this district.

## FACTS

11. One of the most important parts of the Americans with Disabilities Act is Title III, known as the "Public Accommodations and Services Operated by Private Entities." 42 U.S.C. Section 12181 *et seq.*

12. Section 504 of the Rehabilitation Act of 1973, provides that "No otherwise qualified individual with a disability" shall be "excluded, denied or discriminated against" by any facility receiving "federal financial assistance."

13. Defendant provides public accommodations within the meaning provided in each of the above laws.

14. As relevant to the present action, discrimination includes a failure to provide appropriate and reasonable auxiliary aids to plaintiff who has a hearing loss to ensure effective

communication and is a qualified individual. 28 C.F.R. Section 36.303(c).

15. Among these aids includes a failure to provide qualified interpreters to Plaintiff for the care of Plaintiff Martha Evans. These aids were requested and not utilized effectively by Defendant during Plaintiff's medical treatment which commenced on or about November 2017, when the Plaintiff presented as a patient at the premises of Defendant on multiple occasions each week in order to undergo dialysis. This continues to date and will continue after this complaint is filed.

16. At Fresenius, over the course of treatment that Martha Evans presented at Defendant's premises, Martha Evans asked Defendant's staff for a sign language interpreter, explaining that she required a reasonable accommodation, in this case a sign language interpreter to communicate about her treatment. Plaintiff was unable to effectively communicate nor was the staff able to effectively communicate with her without this reasonable accommodation which Defendant failed to provide on multiple occasions.

17. Instead, the Defendant failed to provide an American Sign Language (hereinafter "ASL") interpreter, so that Martha Evans could effectively communicate with the staff of Defendant.

18. At all times hereinafter mentioned, Defendant operated its premises for the care and treatment of persons suffering from kidney illness.

19. At all times herein mentioned, the Defendant employed physicians, nurses, technicians, and other personnel for the purpose of providing medical care and treatment to persons seeking medical care and treatment.

20. At all times hereinafter mentioned, the Defendant was and is a medical facility duly licensed by the State of New York.

21. At all times hereinafter mentioned, Defendant was and still is a health center engaged in the business of, among other things, rendering medical care, treatment and services to the general public.

22. At all times hereinafter mentioned, Defendant is responsible for the acts and omissions committed by its employees and/or agents, while acting in the scope of said employment or agency, relating to the medical care and treatment rendered to patients.

23. At all times hereinafter mentioned, Defendant, by and through its agents, servants and employees, rendered medical and health care services and treatment to Martha Evans, beginning in November 2017, and through the present, when the Plaintiff was present at the Defendant's premises.

24. Without a qualified interpreter being provided to her, Plaintiff was unable to communicate effectively during critical aspects of her treatment. The Defendant's basic care was inadequate, as communication barriers led to the patient feeling frustrated, scared, and upset multiple times throughout her treatment. Plaintiff did not have a complete understanding of what took place during her treatment, as she was unable to participate in and ask questions about her medical treatment, diagnosis, prognosis, and plans as Defendant failed to provide any effective accommodation for her disability. Requests by plaintiff for a live sign language interpreter so that she could effectively communicate went ignored by Defendant.

25. Plaintiff was ignored, humiliated and treated like a non-person by Defendant. Defendant's actions resulted in Plaintiff being irretrievably denied the complete understanding of the care received while at the Defendant's facilities. Instead Plaintiff experienced shame, anxiety, frustration, emotional distress, fear and discrimination. Further, Plaintiff's care was made more

difficult and painful by her inability to communicate with the nursing staff and doctors due to no interpreter being provided during her treatment.

26. During Plaintiff's treatment with Defendant she was requested to sign consent forms and other forms involving procedures without an interpreter present. Plaintiff did not fully understand what treatment was to be performed on her and was often unaware of her diagnosis, prognosis, and was unable to fully understand what treatment was to be performed on her.

27. Each and all of the above acts, both of omission and commission, were intentional acts of discrimination and each and all were a proximate cause of the damages suffered by Plaintiff. Plaintiff will require the services of Defendant's facilities in the future and based upon Defendant's ongoing pattern of discrimination will once again be denied reasonable accommodation for her disability.

28. Defendant's willful, knowing, and repeated acts of intentional discrimination against Plaintiff evidences a pattern and practice of discrimination that is in violation of the ADA and the Rehabilitation Act and caused Plaintiff to suffer and continue to suffer mental pain and anguish.

## FIRST CLAIM FOR RELIEF
### Discrimination on the Basis of a Disability in Violation of the Rehabilitation Act
**(29 U.S.C. § 794 *et seq*.)**

29. Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

30. The purpose of the Rehabilitation Act is to ensure that no "qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

31. At all times relevant to this action, the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, was in full force and effect and applied to Defendant's conduct.

32. Plaintiff Martha Evans is a qualified individual with a disability within the meaning of the Rehabilitation Act. 29 U.S.C. § 705(9)(B); 42 U.S.C. 12102.

33. The operations of Defendant are "program[s] or activit[ies]" within the meaning of 29 U.S.C. § 794(b)(3)(A)(ii).

34. Defendant receives federal financial assistance within the meaning of the Rehabilitation Act. 29 U.S.C. § 794(a).

35. The Department of Health and Human Services' regulations implementing the Rehabilitation Act clarify the requirements for Federal financial recipients, such as Defendant, stating that "[a] recipient . . . that employs fifteen or more persons shall provide appropriate auxiliary aids to persons with impaired sensory ... or speaking skills, where necessary to afford such persons an equal opportunity to benefit from the service in question." 45 C.F.R § 84.52(d)(1).

36. Appropriate auxiliary aids include, but are not limited to, interpreters. 45 C.F.R. § 84.52(d)(3).

37. Defendant has failed to comply with the Rehabilitation Act by refusing to provide to deaf and hard of hearing individuals, including Martha Evans, or on her behalf:

- qualified interpreters;
- auxiliary aids and services;
- displays indicating availability of ASL interpreters;
- modification of health forms to ensure ability of individuals to designate ASL as their primary language;
- training staff regarding the methods of communication employed by the deaf and hard of hearing, and how to ensure effective communications at its medical center;
- provision/designation of an interpreter-ADA accessibility coordinator who would evaluate the needs of any deaf or hard of hearing individuals;
- changes in policy and procedure to ensure compliance with the law;

- implementation of means of monitoring and reporting non-compliance with the law.

38. The above are examples of techniques employed by other institutions to provide access to services, programs, benefits, activities and facilities for deaf and hard of hearing people in a manner consistent with the Rehabilitation Act and the ADA.

39. Defendant, despite consistent and repeated requests by Plaintiff, refuses to provide sign language interpreters during Martha Evans' stay at Defendant's premises.

40. Martha Evans requested an interpreter during her visits to Defendant.

41. Martha Evans' ability to communicate with Defendant's staff is significantly impaired, and she is excluded from discussions and decisions relating to her treatment and evaluation at Defendant's premises, which would directly benefit Martha Evans, and which are provided to other patients.

42. As a proximate result of Defendant's violations of Martha Evans' rights under the Rehabilitation Act, she has suffered discrimination, unequal treatment, exclusion, violations of her rights under the laws of the United States, loss of dignity, frustration, humiliation, emotional pain and suffering, anxiety, embarrassment, and unnecessary loss of rights, privileges and property, among other harms.

43. Defendant's failure to comply with the Rehabilitation Act has resulted in harm to Martha Evans.

44. As a result of Defendant's breaches of law, Martha Evans has been damaged and injured and demands compensatory damages and injunctive relief consistent with the reasonable accommodations noted above requiring Defendant to operate in compliance with applicable laws and regulations.

**SECOND CLAIM FOR RELIEF**
**Discrimination on the Basis of a Disability in Violation of**
**Title III of the Americans with Disabilities Act of 1990**
**(42 U.S.C. § 12181 *et seq*.)**

45. Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

46. Title III of the ADA requires that, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

47. Plaintiff Martha Evans is a qualified individual. Martha Evans has a "disability" within the meaning of 42 U.S.C. § 12132(2).

48. Defendant's business is a place of "public accommodation" within the meaning of the ADA. 42 U.S.C. § 12181(7)(F).

49. Defendant owns, leases (or leases to), or operates places of public accommodation. 42 U.S.C. § 12182(a).

50. Under Title III of the ADA, discrimination is identified, in part, as "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services . . . or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii).

51. As described above, Defendant subjects Plaintiff to discrimination based upon Martha Evans' disabilities in violation of her rights under Title III of the ADA.

52. Defendant repeatedly fails to provide Martha Evans with auxiliary services in the form of qualified interpreters.

53. Defendant fails to ensure that Martha Evans is not excluded, denied services, or otherwise treated differently than other individuals as required by 42 U.S.C. § 12182(b)(2)(A).

54. Defendant discriminates against Martha Evans by refusing to provide Martha Evans with qualified sign language interpreters during her evaluation and treatment.

55. Defendant treats Martha Evans differently than hearing individuals by not providing her with the necessary auxiliary services that would enable her to effectively communicate with staff during her evaluation and treatment at Defendant's premises.

56. As a proximate cause of Defendant's violations of Martha Evans' rights under Title III of the ADA, she has suffered discrimination, unequal treatment, exclusion, violations of her rights under the laws of the United States, loss of dignity, frustration, humiliation, emotional pain and suffering, anxiety, embarrassment, and unnecessary loss of rights, privileges, and property.

57. As a result of Defendant's breaches of law, Martha Evans has been damaged and injured and demands injunctive relief consistent with the reasonable accommodations noted above requiring Defendant to operate in compliance with applicable laws and regulations.

**THIRD CLAIM FOR RELIEF**
**New York City Human Rights Law**
**N.Y.C. Admin. Code § 8-101** *et seq.*

58. Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

59. Plaintiff Martha Evans has a "disability" as defined in New York City Human Rights Law, Sec. 8-102 (16)(a), in that she is deaf.

60. Defendant's medical facility is a place of "public accommodation" within the meaning of New York City Human Rights Law, Sec. 8–102 (9). This facility is a "covered entity,"

in that it is prohibited from engaging in unlawful discriminatory practices. NY City Human Rights Law § 8–102 (1), (17).

61. Providing a sign language interpreter in order to allow deaf or hard of hearing individuals to communicate with medical staff during evaluation and treatment at a medical facility is a "reasonable accommodation" within the meaning of New York City Human Rights Law, Sec. 8-102 (18).

62. Defendant discriminates against Martha Evans on the basis of her disability and fails to make a "reasonable accommodation" for her disability when it fails to provide her with a qualified sign language interpreter during her evaluation and treatment. New York City Human Rights Law, Sec. 8-107 (5), (15).

63. As a result of Defendant's actions in violation of New York City Human Rights Law, Plaintiff is damaged and injured.

64. Martha Evans is caused to suffer as a consequence of Defendant's failure to provide her with effective communication when seeking to discuss her medical history, complaints, diagnosis and prognosis, due to Defendant's failure to provide reasonable accommodations such as qualified interpreters.

65. Defendant has wantonly, recklessly and maliciously acted with disregard for the rights and wellbeing of Plaintiff and Plaintiff is thereby entitled to punitive damages.

66. By reason of the foregoing, Plaintiff demands compensatory and punitive damages and injunctive relief consistent with the reasonable accommodations noted above requiring Defendant to operate in compliance with applicable laws and regulations.

## FOURTH CLAIM FOR RELIEF
### New York State Human Rights Law
### N.Y. Exec. Law § 292

67. Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

68. Plaintiff Martha Evans has a "disability" as defined in New York State Human Rights Law Section 292 (21), in that she is deaf.

69. Fresenius is a place of "place of public accommodation" within the meaning of NY State Human Rights Law § 292 (9).

70. Defendant discriminates against Martha Evans based on her disability in "directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities and privileges of any such place" of public accommodation. NY State Human Rights Law § 296 (2-a).

71. Defendant discriminates against Martha Evans based on her disability and fails to make "reasonable accommodations" for her disability.  NY State Human Rights Law § 292 (21).

72. Defendant's failure to comply with the New York State Human Rights Law has resulted in harm to Martha Evans.

73. By reason of the foregoing, Plaintiff demands compensatory damages and injunctive relief consistent with the reasonable accommodations noted above requiring Defendant to operate in compliance with applicable laws and regulations.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter such declaratory and injunctive relief under Title III of the ADA, Section 504 of the Rehabilitation Act, New York City Human Rights Law, and New York State Human Rights

Law, against Defendant and in favor of Plaintiff as it deems appropriate to remedy past violations of the laws of the United States and to prevent future violations of the same, including making available to deaf and hard of hearing individuals, among other forms of relief:

- qualified interpreters;
- auxiliary aids and services;
- displays at Defendant's facility indicating availability of ASL interpreters;
- modification of health forms to ensure ability of individuals to designate ASL as their primary language;
- training for Defendant's staff regarding the methods of communication employed by the deaf and hard of hearing, and how to ensure effective communications at its medical center;
- provision/designation of an interpreter-ADA accessibility coordinator at Defendant's business who would evaluate the needs of any deaf or hard of hearing individuals;
- changes in policy and procedure to ensure compliance with the law;
- implementation of means of monitoring and reporting non-compliance with the law.

b. Enter judgment against Defendant and in favor of Plaintiff for such compensatory damages as suffered by Plaintiff under Section 504 of the Rehabilitation Act, and New York State Human Rights Law;

c. Enter judgment against Defendant and in favor of Plaintiff for such injunctive, compensatory and punitive damages as suffered by Plaintiff pursuant to New York City Human Rights Law;

d. Enter judgment against Defendant and in favor of Plaintiff for the costs of litigation, including reasonable attorneys' fees and costs;

e. Award Plaintiff any further relief the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a trial by jury as to each and every claim for which they are so entitled.

Dated: August 24, 2018
       New York, New York

                                                  Respectfully submitted,

                                                  By: /s/ Bruce J. Gitlin
                                                       Bruce J. Gitlin

                                                  BRUCE J. GITLIN, ESQ.
                                                  New York Center for Law and Justice, Inc.
                                                  2095 Broadway
                                                  Suite 308
                                                  New York, New York 10023
                                                  (212) 757-2800
                                                  bgitlin@lawjusticecenter.org

                                                  *Attorney for Plaintiff*